IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01533-REB-KLM

FRANK SANDOVAL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER
_____

This matter is before the Court on Defendant's **Motion to Stay Discovery** [Docket No. 6; Filed August 19, 2011] (the "Motion"). The Motion is ripe for review.[1] For the reasons set forth below, the Court **GRANTS** the Motion.

### Procedural Background

Plaintiff initiated this lawsuit on June 13, 2011, pursuant to the Federal Tort Claims Act [Docket No. 1]. The facts giving rise to this case occurred on January 7, 2010. Plaintiff alleges he slipped and fell due to snow and ice on a walkway adjacent to a United States Post Office. *Compl.*, Docket No. 1 at 2. Plaintiff asserts Defendant knew of the snow and ice on the walkway and failed to remove it or warn customers of the condition. *Id.* at 3. Plaintiff believes Defendant is thus liable to him for money damages. *Id.* at 3-4.

Defendant responded to Plaintiff's complaint with a motion to dismiss on August 15,

---

[1] Pursuant to D.C.COLO.LCivR 7.1C, a judicial officer may rule on a motion at anytime after it is filed.

2011 [Docket No. 5]. Defendant contends it is not liable to Plaintiff because an independent contractor (Martinson Snow Removal, Inc.), not Defendant, was responsible for maintaining the adjacent walkway. *Motion to Dismiss*, Docket No. 5 at 1-2. Therefore, Defendant challenges the Court's subject matter jurisdiction over the lawsuit, "because the United States has not waived sovereign immunity for the allegedly tortious acts or omissions of an independent contractor." *Id.* at 2-3.

Defendant contemporaneously filed the Motion presently before the Court with its motion to dismiss. Defendant believes discovery should be stayed in light of its defense of sovereign immunity and related challenge to the Court's subject matter jurisdiction. *Motion*, Docket No. 6 at 2. For the following reasons, the Court agrees with Defendant.

**Analysis**

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal

jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).

In the context of a qualified immunity defense, the Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). Here, Defendant does not assert qualified immunity, but raises sovereign immunity as a complete defense to Plaintiff's claims. Defendant premises its sovereign immunity defense on the contention that the independent contractor, not Defendant, could be liable for Plaintiff's injuries. Whether the tortfeasor is an independent

contractor or a federal employee is a question of law. *Lenior v. United States*, No. 09-cv-01187-CMA-KMT, 2009 WL 3681874, at *2 (D. Colo. Oct. 30, 2009) (citing *Woodruff v. Covington*, 389 F.3d 1117, 1126-28 (10th Cir. 2004)).

The Tenth Circuit has opined that there is "no logical reason why [the rule precluding discovery before the resolution of a qualified immunity question] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law." *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (referring to *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). As stated above, Defendant raises sovereign immunity as a jurisdictional challenge in the motion to dismiss, and its defense is primarily one of law. Thus, the Court concludes that it must exercise its discretion in favor of not subjecting Defendant to possibly unnecessary discovery or other pretrial proceedings, until the immunity and jurisdictional questions are resolved.

Consideration of the factors guiding the Court's evaluation of a request for a stay as stated in *String Cheese Incident, LLC* prompts no different result. The factors for the Court's review include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955 at *2 (citation omitted).

Considering Plaintiff's interest first, the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed.

Therefore, delay may diminish Plaintiff's ability to proceed. Weighing Plaintiff's interest against Defendant's alleged burden next, in light of the above-stated case law, the burden on a governmental defendant of proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts, as related to the second factor.

The third factor concerning the convenience to the Court weighs heavily in favor of a stay. The motion to dismiss not only challenges this Court's subject matter jurisdiction which must be satisfied at all stages of a litigation, but also could dispose of the complaint in its entirety.[2] Judicial resources would best be conserved by imposing a stay until the jurisdictional challenge is resolved. Consideration of the fourth and fifth factors does not sway the Court from its conclusion. Weighing these factors in light of the law favoring a stay of discovery when sovereign immunity and subject matter jurisdiction are at issue, the Court concludes that a stay of discovery is appropriate, pending the District Court's adjudication of Defendant's motion to dismiss.

## Conclusion

It is hereby ORDERED that Defendant's **Motion to Stay Discovery** is **GRANTED**. Discovery in this matter is hereby **STAYED** pending the District Court's resolution of Defendant's Motion to Dismiss [Docket No. 5; Filed August 19, 2011].

It is further **ORDERED** that the Scheduling Conference set for August 31, 2011, at 10:30 a.m. is **VACATED**. The Court will set a Scheduling Conference, if necessary, after resolution of the motion to dismiss.

---

[2] The Court finds it persuasive that Defendant filed its motion to dismiss and motion to stay quite early in the litigation and before the entry of a scheduling order.

DATED: August 23, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge